IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

ANTONIO KEITH BATTLE,

    Petitioner

    v.

UNITED STATES OF AMERICA,

    Respondent.

CIVIL NO. 2:13-CV-298
CRIMINAL NO. 2:12-CR-01

## OPINION AND ORDER

This matter comes before the Court upon Antonio Keith Battle's ("Petitioner") Motion for Reconsideration. ECF No. 38. On August 26, 2013, this Court denied Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"). ECF No. 36. This Court also denied Petitioner's Motion for Extension of Time to File a Response as moot on September 13, 2013. ECF No. 37. It is from the denial of Petitioner's § 2255 Motion that Petitioner now seeks reconsideration. For the reasons stated herein, Petitioner's Motion for Reconsideration is **DENIED**. ECF No. 38.

### I. FACTUAL AND PROCEDRAL BACKGROUND

With the exception of recent events, the factual and procedural background for this matter is fully laid out in the Court's previous Order and need not be restated here. After this Court's ruling on Petitioner's § 2255 Motion, Petitioner filed a timely Motion for Reconsideration on September 16, 2013. Since that time, Petitioner has also filed a Notice of Appeal. ECF No. 39. That appeal is pending the disposition of this motion. ECF No. 42. Because Petitioner is a *pro se* petitioner, the Court will liberally construe the instant motion, determining that the Petitioner

1

alternatively seeks relief under Rules 59(e), 60(b)(3), and 60(b)(6) of the Federal Rules of Civil Procedure.

## II. PETITIONER'S RULE 59(E) MOTION

Although Petitioner ultimately asks the Court to vacate its earlier § 2255 order, Petitioner also seeks review under Rule 59(e) of the Federal Rules of Civil Procedure, citing the rule in the instant Motion for Reconsideration.

The Fourth Circuit has stated three circumstances for granting a Rule 59(e) motion: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). "[S]uch motion should not be used to 'rehash' arguments previously presented or to submit evidence which should have been previously submitted." *Moore v. United States*, CIV.A. 2:05CV244, 2006 WL 763656 (E.D. Va. Mar. 23, 2006) (citing *Hutchinson*, 994 F.3d at 1082; *Rouse v. Nielsen*, 851 F.Supp. 717, 734 (D.S.C. 1994).

After reviewing Petitioner's Rule 59(e) motion, the Court finds that Petitioner has failed to state any changes in controlling law, any new evidence not available at trial, or any clear error of law that would warrant granting Petitioner's motion. Indeed, Petitioner asserts only that this Court's Order of August 26, 2013, which denied his § 2255 Motion and rendered his August 19, 2013 Motion for Extension of Time moot, ECF No. 25, prejudiced Petitioner because he was unable to "submit a response to Government [sic] misleading pleading."

Assuming that Petitioner's bald assertions that the Government's Response to Petitioner's Motion to Vacate, ECF No. 33, was so misleading that it amounts to manifest injustice, the Court addresses this claim. Having reviewed the Plea Agreement, ECF No. 27 and the Court's earlier § 2255 Order, ECF No. 36, against the Government's Response to Petitioner's Motion, ECF No.

33, the Court finds no misleading statements in the Government's pleading. Thus the Court finds no manifest injustice exists on these facts.

### III. PETITIONER'S RULE 60(B) MOTIONS

In addition to citing Rule 59(e) of the Federal Rules of Civil Procedure, Petitioner requests the Court vacate its August 26, 2013 Order denying his § 2255 Motion. It is unclear whether Petitioner intended to file a Rule 60(b) Motion as opposed or in addition to his Rule 59(e) Motion. Construing Petitioner's Motion liberally, the Court will address possible claims under Rule 60(b).

Federal Rule of Civil Procedure 60(b) states that upon motion of a party and upon such terms that are just, the court may relieve a party from final judgment based on any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud ... misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . .; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Fed.R.Civ.P. 60(b) Construing Petitioner's motion liberally, Petitioner appears to be claiming fraud or misrepresentation by an adverse party under 60(b)(3) or alternatively seeking relief under the catch-all provision Rule 60(b)(6). The Court addresses the merits of these motions after examining the initial hurdle that these Rule 60 Motions may amount to successive § 2255 motions.

#### A. PETITIONER'S RULE 60(B) MOTIONS ARE NOT SUCCESSIVE AND ARE THEREFORE PROPERLY BEFORE THE COURT

When a prisoner files a Rule 60(b) motion in a closed case seeking relief from the court's decision denying relief under § 2255, the motion should often be filed and dismissed as a

3

successive § 2255. *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (*citing Calderon v. Thompson*, 523 U.S. 538, 553 (1998) (stating subject matter of motion determines its status, not its caption)). A Rule 60(b) motion that seeks to add a new ground for relief or attacks the federal court's previous resolution of a claim on the merits is a second or successive § 2255 request. *See id.* at 532; *United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003). Furthermore, "new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence." *Winestock*, 340 F.3d at 207. To allow prisoners to bring new § 2255 claims in a Rule 60(b) motion would circumvent the requirement under § 2255(h) that any subsequent claims first be certified by a court of appeals. *Gonzalez*, 545 U.S. at 531-32. Therefore, a court may construe a Rule 60(b) motion as a second or successive § 2255 motion when the Rule 60(b) motion contains grounds for relief from the underlying conviction that were not raised in Petitioner's original § 2255, or if the Rule 60(b) motion attacks the Court's prior resolution of the merits of Petitioner's original § 2255. *Winestock*, 340 F.3d at 207. However, a motion that attacks only the collateral review process is proper. *Id.* at 206-07 ("[A] motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider.").

In summary, a proper Rule 60(b) motion alleges defects in the collateral review process itself. *Gonzalez v. Crosby*, 545 U.S. 524, 532-36 (2005); *Winestock*, 340 F.3d at 207-08. Purported Rule 60(b) motions that in substance seek a second § 2255 review are tantamount to successive applications for § 2255 relief and require Petitioner to receive permission to file from the Circuit Court. *United States v. Barber*, 519 Fed.Appx. 208, 209 (4th Cir. 2013).

Petitioner here alleges defects in the § 2255 proceeding itself. Petitioner alleges that the

Court's denial of his § 2255 Motion, which rendered his Motion for an Extension of Time moot, prejudiced his collateral attack on his convictions. Petitioner alleges that being denied the opportunity to reply to the Government Response to his § 2255 Motion prevented Petitioner from "submit[ting] a response to [the] Government['s] misleading pleading." This claim alleges defects in the § 2255 process itself, rather than constituting a second motion to vacate, and so is properly before the Court.

### B. PETITIONER'S RULE 60(B) MOTIONS FAIL ON THE MERITS

Federal Rule of Civil Procedure 60(b) permits a party to seek relief from a "final judgment, order, or proceeding." Fed.R.Civ.P. 60(b). Rule 60(b) movants first "must make a showing of timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Werner v. Carbo*, 731 F.2d 204, 206-07 (4th Cir. 1984). Next, a Petitioner must satisfy one of Rule 60(b)'s six grounds for relief from judgment. *Id.* at 207. Those grounds include "fraud . . . misrepresentation, or misconduct by an opposing party" Fed.R.Civ.P. 60(b)(3) and "any other reason that justifies relief." Fed.R.Civ.P. 60(b)(6). The Court focuses on these two grounds for relief based on Petitioner's contention that the Government's Response to his § 2255 Motion was misleading.

As a preliminary matter, Petitioner has not made the first requisite showing for relief under Rule 60(b). Although timely filed, Petitioner's Motion makes no showing of a meritorious defense, a lack of unfair prejudice to the opposing party, or any exceptional circumstances. Rather Petitioner claims to have missed an opportunity to respond to the Government's alleged misleading Response. Furthermore, the Court, as noted above, has reviewed Petitioner's § 2255 Motion, the Government's Response, and its own Order of August 29, 2013 and found no misleading statements. Put simply, this is not the type of "exceptional circumstance[]" that requires Rule 60(b)'s "extraordinary remedy." *Compton v. Alton Steamship Co.*, 608 F.2d 96,

102 (4th Cir. 1979). Despite finding that Petitioner has not met this preliminary showing, the Court will address the more specific standards under Rule 60(b)(3) and (b)(6).

1. **Petitioner's Motion Does Not Allege the Requisite Fraud, Misrepresentation, or Misconduct by the Government to Afford Relief**

The Court has the power to relieve a party from judgment because of "fraud . . . misrepresentation, or misconduct by an opposing party." Fed.R.Civ.P. 60(b)(3). To invoke this power under Rule 60(b)(3), "the moving party must have a meritorious defense; ... the moving party must prove misconduct by clear and convincing evidence; and ... the misconduct [must have] prevented the moving party from fully presenting its case." *Richardson v. Boddie-Noell Enterprises, Inc.*, 78 F. App'x 883, 889 (4th Cir. 2003) (citing *Schultz v. Butcher*, 24 F.3d 626, 630 (4th Cir. 1981)). The Fourth Circuit, for example, has found this standard met when a party failed to produce evidence essential to an adversary's position. *Id.*

Here, Petitioner alleges no such fraud, misrepresentation, or misconduct. Besides vaguely claiming that the Government's Response was misleading, Petitioner has made no specific allegations of the type necessary to prevail on this Motion. Having alleged no such fraud or misconduct and shown no existence of a meritorious defense, the Petitioner necessarily fails to meet Rule 60(b)(3)'s standard.

2. **Petitioner's Motion Does Not Allege the Requisite Extraordinary Circumstances to Justify Relief Under Rule 60(b)(6)**

Rule 60(b)(6) permits the Court to relieve a party from judgment for "any other reason that justifies relief." Fed.R.Civ.P. 60(b)(6). "While this catchall reason includes few textual limitations, its context requires that it may be invoked in only 'extraordinary circumstances' when the reason for relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1)-(5)." *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011). In addition, to prevent the catch-all provision from undermining the finality of judgments, the motion must be

filed "on just terms," "within a reasonable time," not unfairly prejudice the opposing party through the setting aside of the judgment, and rest upon a meritorious claim or defense. *Id.* at 501.

Although Petitioner's claim that the Government's Response was misleading falls dangerously close to Rule 60(b)(3)'s province, the Court still addresses the matter head on. Petitioner contends that the government's response to Petitioner's § 2255 Motion was misleading. This contention is not borne out by the Court's examination of the record and the documents in question. Furthermore, Petitioner here makes no allegation of extraordinary circumstances and thus cannot find relief under Rule 60(b)(6).

For the foregoing reasons, Petitioner's Motion for Reconsideration is **DENIED**.

The Clerk is **DIRECTED** to forward a copy of this Order to Petitioner, to all Counsel of Record, and to the Clerk of the United States Court of Appeals for the Fourth Circuit.

**IT IS SO ORDERED.**

/s/
Robert G. Doumar
Senior United States District Judge

UNITED STATES DISTRICT JUDGE

Norfolk, VA
October 31, 2013